# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

DASHAUN JAMIL JACKSON BEY,

    Petitioner,

v.

JUDGE WILLIAM A. DANIELS,

    Respondent.

Civ. No. 19-16374 (KM)

**MEMORANDUM OPINION**

## KEVIN MCNULTY, U.S.D.J.

Petitioner, Dashaun Jamil Jackson Bey, is a state pretrial detainee presently housed at the Union County Jail, in Elizabeth, New Jersey. He is proceeding *pro se* with this petition for writ of habeas corpus under 28 U.S.C. § 2241. (*See* Pet., DE 1.) Under Rule 4 of the Rules Governing § 2254 Cases (applied to this case under Rule 1 of the Rules Governing § 2254 Cases), I now undertake a preliminary screening of the Petition. *See* Rule 4, Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254.

The underlying circumstances are somewhat difficult to discern from Mr. Jackson Bey's Petition. He seems to argue that there was no probable cause for his arrest and that he has not received due process in some state criminal proceedings. (*See* DE 1 at ECF p. 11.) He demands "immediate release from custody . . . once situation as been fully addressed." (*Id.*) He has provided no details regarding the circumstances of his arrest or prosecution, nor has he asserted any reason why his custody should be found unlawful or unconstitutional. (*See id.*)

Rule 2 of the Rules Governing § 2254 Cases requires that a habeas petition "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c)(1)–(2), Rules Governing § 2254 Cases. Mr. Jackson Bey's petition does not meet these

1

requirements. It is difficult to glean from his petition what he seeks to challenge, the grounds he intends to raise, or the underlying factual circumstances.

Furthermore, for state prisoners, federal habeas corpus is substantially a post-conviction remedy. *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975). Although district courts do not lack "jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court," *see Moore*, 515 F.2d at 441–42, "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). Thus, the Third Circuit has held that jurisdiction without exhaustion of state court remedies should not be exercised at the pretrial stage unless extraordinary circumstances are present. *See id.* Where no such extraordinary circumstances are present and where a petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its pretrial habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies. *See Moore*, 515 F.2d at 443; *see also Sampson v. Ortiz*, Civ. No. 17-1298 (RBK), 2017 WL 4697049, at *2 (D.N.J. Oct. 19, 2017); *Caraballo v. Grewal*, Civ. A. No. 17-787 (SRC), 2017 WL 2989181, at *2 (D.N.J. July 12, 2017).

This action appears to be an attempt by Mr. Jackson Bey to litigate constitutional defenses to state criminal proceedings prematurely in this federal court. *See Duran*, 393 F. App'x at 4; *Moore*, 515 F.2d at 445. Particularly, he seems to allege that his arrest was without probable cause and that the state court has not given him due process. (DE 1 at ECF p. 11.) The proper procedure, however, is for a petitioner to exhaust his constitutional claims and defenses before all three levels of the New Jersey state courts. If he is unsuccessful (and a criminal judgment has

been entered against him), a petitioner can then present his constitutional claims in this Court in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Scheffler v. Brothers*, No. 13-993, 2013 WL 5287224, at *2 (D.N.J. Sept. 18, 2013) (noting that proper procedure when pretrial detainee challenged arrest in § 2241 petition was to exhaust constitutional claims at all levels of state courts and then file § 2254 habeas petition). "Once [petitioner] has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Moore*, 515 F.2d at 449.

Mr. Jackson Bey has shown no exceptional circumstances that would justify bringing his claims in this Court before they have been addressed by the state courts. Indeed, I cannot discern any arguments as to why this Court must address the matter or why he could not pursue relief from the state courts. Instead, it appears that Mr. Jackson Bey is simply attempting to cut short normal state processes by obtaining an order from this Court that would interfere with the ordinary course of a criminal prosecution. Writs of habeas corpus are not intended to enable such interference. *See Moore*, 512 F.2d at 443; *see also Carstarphen v. Camden Cty. Corr. Facility Warden*, No. 14-4596, 2014 WL 4723150, at *2 (D.N.J. Sept. 19, 2014) (finding allegedly fraudulent indictment did not present extraordinary or exceptional circumstances warranting habeas relief); *Scheffler*, 2013 WL 5287224 at *2 (dismissing habeas petition challenging arrest warrant as it presented no extraordinary or exceptional circumstances). Consequently, Mr. Jackson Bey's claims seeking to challenge the state criminal proceedings against him are dismissed without prejudice to refiling *if and when he has exhausted his remedies before the state courts. See Moore*, 512 F.2d at 443.

Under 28 U.S.C. § 2253(c), a litigant may not appeal a final order in a habeas proceeding unless the judge or a circuit justice issues a certificate of appealability ("COA"). That section further directs courts to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the Court's ruling debatable. Accordingly, no certificate of appealability shall issue.

As Mr. Jackson Bey's claims are not properly brought before this Court at this time, the petition is dismissed without prejudice. An appropriate order follows.

DATED: September 27, 2019

KEVIN MCNULTY
United States District Judge

4